UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELODY CHAMBERLAIN | CIVIL ACTION |
| v. | NO. 18-13683 |
| EVOLUTION INSURANCE COMPANY, DANNY JOHNSON, AND WHEEL WORX, LLC | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's unopposed motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

On November 1, 2017, Melody Chamberlain was riding as a passenger in a vehicle traveling westbound on the I-10 in New Orleans, Louisiana. When a vehicle being operated by Danny Johnson attempted to change lanes, it struck the vehicle in which Ms. Chamberlain was riding. Nearly one year after the accident, Chamberlain sued Evolution Insurance Company, Danny Johnson, and Wheel Worx, LLC in Louisiana state court. Although she alleges no particular facts concerning the manifestation or nature of her injuries, Chamberlain alleges that the defendants' negligence caused an assortment of damages. On December 13, 2018, Danny Johnson and Wheel Worx, LLC removed the lawsuit to this Court,

1

invoking the Court's diversity jurisdiction. The plaintiff now moves to remand.

I.

*A.*

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist

2

between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1).

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno, 276 F.3d at 723 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Louisiana law requires that a plaintiff include "no specific amount of damages" in his prayer for relief. La. Code Civ. Proc. art. 893.[1]

When the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount.

---

[1] But, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages[,]" then "a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893.

Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to "set[] forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), rev'd on other grounds, 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury

4

Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

## II.

In this case, the state court petition is ambiguous as to whether the amount of damages surpass the jurisdictional amount in controversy. Moreover, the plaintiff has represented that her damages do not exceed $75,000; she recently filed into the record a stipulation, which states that her damages do not exceed $75,000, and she agrees that she will neither demand nor accept damages in excess of $75,000. Where, as here, the state court petition is ambiguous as to the amount in controversy, the Court may consider a post-removal stipulation. The defendants do not object that the stipulation binds the plaintiff to a recovery of $75,000 or less, and they do not oppose her motion to remand.

Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction based on diversity.

Accordingly, IT IS ORDERED: that the motion to remand is hereby GRANTED.

New Orleans, Louisiana, March 8, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE